BOOKER T. REED V. STATE.

No. 25,604. January 9, 1952.
(See following Opinion.)
October 20, 1952.

Hon. Henry King, Judge Presiding.

*A. A. Kern*, Dallas, for appellant.

*Henry Wade*, District Attorney, *Charles S. Potts*, Assistant District Attorney, Dallas, and *George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The offense is murder; the punishment assessed is death.

Appellant, a Negro man, was indicted on June 25, 1951, for the murder of Boyt Adron Lovelace by striking and beating him to death with an ax.

The deceased was a cabinet maker, skillful in his trade, was 42 years old, and was crippled in his left leg but was able to walk without any assistance. He owned a Chevrolet car, but owned no pistol, firearm or weapon of any kind except a small pen knife. At times he was addicted to the use of liquor and would sometimes become intoxicated. He boarded with a Mr. Spence, the state's first witness, in the city of Irving, in Dallas County. At dusk on the evening of June 9, 1951, the deceased was seen to enter a small cabin occupied by the appellant located in the rear of Saint Mark's School for Boys in the northern part of the city of Dallas. Soon after the deceased had entered this cabin, the witness heard a scuffle going on therein. The cabin door was open and the witness saw the appellant strike the deceased with his fist, which blow rendered the deceased un-

conscious. Appellant then went out to the wood-pile near the cabin, and got an ax with which he struck the deceased two blows on the head. Soon thereafter appellant came out of his place and said: "Well, I got me a man; I am going now." He then drove away in the deceased's car. The deceased soon died from the effects of the blows which he had received at the hands of the appellant. The clothing of the deceased had been removed and his pocket-book was empty.

Appellant was at large until the next day (June 10th) when he returned to the scene of the crime. He was there arrested by Mr. Iglehart, Head Master of Saint Mark's School of Texas. Appellant was then turned over to the authorities and placed in jail.

After his indictment the appellant was brought to trial on July 9th, after his case had been previously set for July 2nd. Upon the request of his appointed attorney, the court granted a further extension of time.

There are no bills of exception in the record, but there is a motion for a continuance, as well as a controverting motion. However, we find no bill to the action of the court in overruling the requested continuance.

It is evident from the facts that appellant was not able to obtain an attorney, but he claimed that his two sisters, who lived in Amarillo, had made arrangements with a certain firm of attorneys in Dallas. This fact was found to be not true, and the trial court, upon ascertaining the fact that appellant was without representation, appointed a practicing attorney in Dallas to represent the appellant. This attorney accepted the appointment and cross-examined the witnesses for the state at the time of the trial. It was contended in this motion for a continuance that the attorney did not have sufficient time to famaliarize himself with the facts in the case, or to obtain witnesses to be utilized upon the trial thereof. It is further contended in said motion that appellant desired to have his two sisters brought from Amarillo to testify to his good character as a peaceable, law-abiding citizen, as well as for truth and veracity. No application was made for a subpoena and none was ever served upon these two witnesses.

Appellant desired to talk to other people in Dallas to show that he could establish an alibi for himself, but no further iden-

tity of the witnesses was shown and no affidavit from any witness was present at the hearing of the motion for a new trial.

Appellant also desired to have his common-law wife subpoenaed and utilized as a witness on the issue of his alibi. The statement is made that his wife was not well and was unable to attend the trial, but no doctor's certificate of any kind is found in the record, and nothing other than his statement appears therein. The controverting affidavit of the state relative to this fact shows that the wife was present on the job where she had been employed for many years.

A continuance is not a matter of right. The truth of the first and subsequent applications for a continuance is addressed to the sound discretion of the court. It is not to be granted as a matter of right. See Branch's Ann. P.C., p. 183, sec. 306.

We can find no defense of any kind offered herein and none is present. Although the record is silent as to a bill of exception to the overruling of the motion for a continuance, nevertheless, we have considered the same on account of the severity of the penalty. We see no reason why this cause should not be affirmed.

The judgment of the trial court is therefore affirmed.